IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|    Plaintiff, | ) ) ) |
| v. | )   Case No. CR-20-235-D |
| DONTE EARL GRIFFIN, | ) ) ) |
|    Defendant. | ) |

**<u>ORDER</u>**

Before the Court is Defendant Donte Earl Griffin's *pro se* letter [Doc. No. 55] in which he complains that "Grand Perry" and the "FBOP" are, in effect, refusing to give him good-time credit to which he believes he is entitled.

A federal statute, 18 U.S.C. § 3624, governs the release of a prisoner from custody, including the potential application of good-time credit. The Court, in turn, has limited authority to impact how the Bureau of Prisons ("BOP") calculates Defendant's good-time credit. "[T]he responsibility for calculating good conduct time lies, in the first instance, with the Attorney General who, in turn, has delegated this authority to the BOP." *United States v. Herminio Garcia*, No. 5:13-cr-1404, 2019 WL 4394594, at *2 (S.D. Tex. July 25, 2019) (citing 28 C.F.R. § 0.96 and 18 U.S.C. § 3624(b)); *United States v. Quinonez-Quintero*, No. 08-20106-06-KHV, 2024 WL 3950847, at *1 (D. Kan. Aug. 27, 2024) ("The BOP—not a district court—is authorized to calculate a prisoner's good-time credit.").

Accordingly, if Defendant is dissatisfied with the BOP's calculation of his good-time credit, "he must exhaust the administrative remedies provided by BOP before seeking

judicial review." *Herminio Garcia*, 2019 WL 4394594, at *2; *see United States v. Frosch*, 496 F. Supp. 2d 1018, 1020 (S.D. Iowa 2007) ("If a prisoner feels the Bureau of Prisons has unfairly denied credit toward the sentence imposed, the prisoner may pursue administrative review of the computation of the credit. Only after exhausting all administrative remedies, however, may the prisoner seek judicial review of the BOP's computation." (internal citation omitted)).

Because the task of calculating good-time credit lies with the BOP, and because there is no evidence in the record that Defendant exhausted administrative remedies before filing his letter, the Court cannot grant the relief Defendant appears to seek. "[S]hould Defendant prove dissatisfied with BOP's [calculation] of his sentence, he must exhaust the administrative remedies provided by BOP before seeking judicial review." *Herminio Garcia*, 2019 WL 4394594, at *2.

**IT IS THEREFORE ORDERED** that Defendant's letter [Doc. No. 55], to the extent it is construed as a request for the Court to influence the calculation of his good-time credit, is **DENIED**.

**IT IS SO ORDERED** this 17th day of October, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge